IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRED L. SHORB and LINDA J. SHORB,** : | **CIVIL NO. 1:CV-05-0296** |
| **Plaintiffs** : | |
| v. : | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** : | |
| **Defendant** : | |

# **M E M O R A N D U M**

Before the court is Defendant's partial motion to dismiss. The parties have briefed the issues, and the matter is ripe for disposition. For the reasons stated below, the court will grant Defendant's motion in part and deny it in part.

**I.** **Background**

    **A.** **Facts**

Plaintiff Fred Shorb purchased an automobile insurance policy from Defendant State Farm on or about August 27, 1975. (Compl. ¶ 4.) Plaintiff Fred Shorb's policy provided that he was entitled to "payment of any and all medical expenses, work loss, replacement services lost, or bodily injury due to an accident arising from the maintenance or use of a motor vehicle." (Compl. ¶ 4, Ex. 1.) On or about April 17, 1976, Plaintiff Fred Shorb was in an automobile accident resulting in "a cervical fracture that caused quadriplegia paralysis in the cervical area of his

body." (*Id*. ¶ 6.) Subsequent to his injury, Plaintiff Fred Shorb "underwent an extensive period of acute care hospitalization and rehabilitation . . . beginning the period April 1976 and continuing to the present date." (*Id*. ¶ 7.) Since 1976, Defendant has paid for the medical care and treatment needed by Plaintiff Fred Shorb. (*Id*. ¶¶ 8, 9.)

Plaintiffs' complaint avers that Defendant authorized JWF Architects ("JWF") to design the reconstruction or purchase of a home for Plaintiffs, so as to accommodate Plaintiff Fred Shorb's physical limitations and needs that were caused by his accident. (*Id*. ¶ 10.) JWF produced plans, including specifications and drawings that were proposed to meet Plaintiff Fred Shorb's specific physical limitations and needs. (*Id*. ¶ 11.)

Defendant subsequently hired a second entity, GLP Construction Management, Inc. ("GLP"). (*Id*. ¶ 13.) GLP furnished a second proposal, containing a budgetary estimate and plans for construction of a home to meet the physical limitations and needs of Plaintiff Fred Shorb. (*Id*.) Plaintiffs' complaint asserts that GLP is not and was not qualified to design a dwelling for handicap means or to prepare a budgetary estimate to meet the physical limitations and needs of Plaintiff Fred Shorb. (*Id*. ¶ 15.)

Defendant represented to Plaintiffs that GLP was an architectural firm. (*Id*. ¶ 23.) However, Plaintiffs aver that Defendant knew or should have known that GLP was not an architectural firm. (*Id*.) Defendant informed Plaintiffs that it was going to use GLP to review the reports and plans of JWF. (*Id*. ¶ 24.) A representative from GLP met with Plaintiffs and represented that he was there to review the JFW plans. (*Id*. ¶ 25.) However, Defendant, without the knowledge or

consent of Plaintiff, authorized GLP to create its own house construction proposal. (*Id*. ¶ 26.)

As of this date, Plaintiffs have not received the modifications to their residence. As a result of the lack of modifications to the current residence, Plaintiff Susan Shorb alleges that she has sustained bodily injuries in her efforts to accommodate the physical needs of her husband, Plaintiff Fred Shorb. (*Id*. ¶¶ 16, 17.) Additionally, Plaintiff Fred Shorb alleges that he has suffered physical pain and mental anguish as a result of the lack of the appropriate modifications to his residence. (*Id*. ¶¶ 18, 20.)

### B.     **Procedural History**

A complaint in the instant matter was filed in the Court of Common Pleas of Adams County on December 7, 2004. The instant complaint was removed to federal district court on February 9, 2005. Plaintiffs' complaint alleges the following: 1) bad faith; 2) breach of contract; 3) violations of the Unfair Insurance Claims Practices Act ("UIPA"), 40 Pa. Cons. Stat. Ann. § 1171.5(a); 4) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("CPL"), 73 Pa. Cons. Stat. Ann. § 201; and 5) punitive damages. Defendant filed the instant partial motion to dismiss on February 15, 2005.

## II.     **Legal Standard: Motion to Dismiss**

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). "The complaint will be

deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on notice of the essential elements of the plaintiff's cause of action." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Additionally, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.* In other words, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

4

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 336 F.3d 229, 236 (3d Cir. 2004).

### III.  Discussion

Defendant contends that Plaintiffs' claims should be dismissed for the following reasons: 1) Plaintiffs fail to state a valid claim for bad faith under Pennsylvania law; 2) Plaintiffs fail to state a claim upon which relief can be granted with respect to the UIPA; 3) Plaintiffs fail to state a valid cause of action with respect to CPL; and 4) Plaintiffs fail to state a valid claim under Pennsylvania law with respect to their independent claim for punitive damages. For reasons stated below, the court will grant Defendant's motion in part and deny it in part.

#### A.  Bad Faith

Plaintiffs assert that Defendant has acted in bad faith with respect to Plaintiff Fred Shorb's insurance claim.[1] The Third Circuit has provided that "[t]o make out a claim of bad faith, a plaintiff must show by clear and convincing evidence

---

[1] Pennsylvania's Bad Faith Insurance Statute, 42 Pa. Cons. Stat. § 8371, provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%. (2) Award punitive damages against the insurer. (3) Assess court costs and attorney fees against the insurer.

5

that the insurer (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim." *W.V. Realty, Inc. v. Northern Ins. Co.*, 334 F.3d 306, 312 (3d Cir. 2003). While the term "bad faith" is not defined in the statute, Pennsylvania state courts and federal courts in Pennsylvania have relied upon Black's Law Dictionary, which states:

> "Bad faith" on [the] part of [the] insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Rottmund v. Continental Assur. Co.*, 813 F. Supp. 1104, 1108 (E.D. Pa 1992) (quoting Black's Law Dictionary (6th ed. 1990)); *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A. 2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary (6th ed. 1990)); *see also W.V. Realty, Inc*, 334 F. 3d at 311 (quoting *Terletsky*).

Defendant contends that Plaintiffs have failed to establish a claim for bad faith. Specifically, Defendant asserts that there are no facts in the complaint to suggest that Defendant acted without a reasonable basis or with the knowledge that it lacked a reasonable basis. The court is not convinced by Defendant's argument.

Plaintiffs' complaint alleges that Defendant has refused to approve JWF's plans and instead shifted to plans prepared by GLP. Plaintiffs assert that GLP is not qualified to provide for the special needs of Plaintiff Fred Shorb. Moreover, Plaintiffs assert that Defendant was aware or should have been aware that GLP was not qualified. As stated, the court is required to accept as true all of the

factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Worldcom, Inc.*, 343 F.3d at 653. Plaintiffs' response to Defendant's motion to dismiss is not the model of clarity.[2] However, the court finds that Plaintiffs' assertion, that Defendant refused to approve JWF's plans and shifted to plans by a knowingly unqualified builder, may be a denial of benefits without a reasonable basis. Accordingly, the court will deny Defendant's motion to dismiss Plaintiff's claim of bad faith.

### B.      Unfair Insurance Claims Practices Act

Defendant asserts that Plaintiffs' UIPA claim should be dismissed for failure to state a cause of action upon which relief may be granted. Moreover, Plaintiffs do not come forward with an argument counter to Defendant's position. Briefly, "[i]t is well settled that private actions under the UIPA cannot be maintained." *Seidman v. Minn. Mut. Life Ins. Co.*, 40 F. Supp. 2d 590 (E.D. Pa. 1997) (citing *Liberty Mut. Ins. Co. v. Paper Mfg. Co.*, 753 F. Supp. 156, 159 (E.D. Pa. 1990); *D'Ambrosio v. Pa. Nat'l Mut. Cas. Ins.*, 431 A.2d 966, 969-70 (Pa. 1981); *Romano v. Nationwide Mut. Fire, Ins. Co.*, 646 A. 2d 1228, 1232 (Pa. Super. Ct. 1994)). Instead, the UIPA provides that "The Commissioner may examine and investigate the affairs of every person engaged in the business of insurance in this state in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by this act." 40 Pa. Stat. Ann § 1171.7. Thus, Plaintiff cannot maintain an action under the UIPA.

---

[2] For example, at page four of Plaintiffs' response, the final paragraph is seemingly cut off and not continued on page five. Thus, at least part of Plaintiffs' argument is incomprehensible. However, the court finds that Plaintiffs' complaint and response to Defendant's motion to dismiss, combined with the applicable law is enough to survive Defendant's motion to dismiss.

Accordingly, the court will grant Defendant's motion to dismiss Plaintiffs' UIPA claim.

## C. <u>Unfair Trade Practices and Consumer Protection Law</u>

Unlike the UIPA, the CPL provides for individual causes of action.[3] In *Pekular v. Eich*, 513 A. 2d 427, 434 (Pa. Super. Ct. 1986), the Pennsylvania Superior Court provided that a CPL cause of action may be maintained even if the alleged actions fall within the purview of the UIPA. *See also Lombardo v. State Farm Mut. Auto. Ins. Co.*, 800 F. Supp. 208 (E.D. Pa. 1992). Thus, Plaintiffs may be able to maintain a cause of action analogous to their claim under the UIPA through the CPL. Additionally, as provided in *Pekular*, " '[a]s a statute for the prevention of fraud, [the CPL] must be liberally construed to effect the purpose.' " *Pekular*, 513 A.2d at 432 (quoting *Verona v. Schenley Farms Co.*, 167 A. 317, 320 (Pa. 1933)).

In the instant case, Defendant asserts that Plaintiffs are only alleging nonfeasance. It is well established that the CPL applies only to misfeasance and not to nonfeasance. *Gordon v. Pa. Blue Shield,* 548 A.2d 600, 604 (Pa. Super. Ct. 1988); *see also Klinger v. State Farm Mut. Auto. Ins. Co.*, 895 F. Supp. 709, 717 (M.D. Pa. 1995) (finding that the refusal to pay benefits to which plaintiff was entitled

---

[3]Pennsylvania's Supreme Court articulated the purpose of the CPL in *Commonwealth v. Monumental Properties, Inc.*, 329 A.2d 812, (Pa. 1974). The *Monumental Properties* Court stated:

> The Legislature sought by the Consumer Protection Law to benefit the public at large by eradicating, among other things, "unfair or deceptive" business practices. Just as earlier legislation was designed to equalize the position of employer and employee and the position of insurer and insured, this Law attempts to place on more equal terms seller and consumer. These remedial statutes are all predicated on a legislative recognition of the unequal bargaining power of opposing forces in the marketplace.

*Id.* at 815-16.

constituted nonfeasance and was not actionable under the CPL). As the Superior Court of Pennsylvania has stated: "The test used to determine if there exists a cause of action in tort growing out of a breach of contract is whether there was an improper performance of a contracted obligation (misfeasance) rather than the mere failure to perform (nonfeasance)." *Gordon,* 548 A.2d at 604. In *Gordon*, the court stated that "[t]he only act alleged by appellant in this case was the refusal of appellee to pay benefits to which appellant felt entitled." *Id*. As such, the *Gordon* court found that the appellant alleged nonfeasance.

Plaintiffs assert that Defendant engaged in unfair and deceptive practices with Plaintiffs. The court finds that Plaintiffs' allegations go beyond a mere failure to pay benefits. It is not disputed that Defendant had previously paid for medical treatment and equipment related to Plaintiff Fred Shorb's injuries. According to Plaintiffs, Defendant hired a qualified architect, JWF; however, Defendant subsequently hired a new architect, GLB, and misrepresented to Plaintiffs the qualifications of GLB. Thus, Plaintiffs' complaint does not assert that Defendant has failed to act, nonfeasance, but that Defendant has acted in an unfair and deceptive manner. The court finds that Plaintiffs' complaint avers incidents that may constitute the improper performance of a contractual obligation or misfeasance. Accordingly, the court will deny Defendant's motion to dismiss Plaintiff's claims under the Unfair Trade Practices and Consumer Protection Law.

### D.    **Punitive Damages**

Plaintiffs set forth punitive damages as an independent cause of action. Defendant counters that Plaintiffs cannot maintain an independent cause of action for punitive damages. As the Pennsylvania Supreme Court has stated, "[i]f no cause of

action exists, then no independent action exists for a claim of punitive damage since punitive damages is only an element of damages." *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (Pa. 1989). The court finds that Plaintiffs cannot maintain an independent cause of action for punitive damages. However, Plaintiffs may be able to maintain a claim of punitive damages contingent on another cause of action.

Under Count I of Plaintiffs' complaint, bad faith, Plaintiffs request punitive damages. Pursuant to 42 Pa. Cons. Stat. § 8371 punitive damages are permitted for a bad faith claim. Count II of Plaintiffs' complaint is a breach of contract to which punitive damages are not available. Count III of Plaintiffs' complaint is Plaintiffs' claim under UIPA, which the court will dismiss. Count IV of Plaintiffs' complaint asserts a violation under the CPL. The CPL does not provide for punitive damages. *See Samuel-Bassett v. KIA Motors America*, *Inc*. 357 F.3d 392, 401 (3d Cir. 2004) ("[U]nder the Consumer Protection Law no punitive damages other than the discretionary authority to treble is permitted."). Accordingly, Plaintiffs' claim for punitive damages under their bad faith claim remains. However, there are no other claims asserted by Plaintiffs that provide for punitive damages. The court will grant Defendant's motion and dismiss Plaintiffs' independent claim for punitive damages.

**IV.**      **Conclusion**

In accordance with the foregoing discussion, the court will grant Defendant's partial motion to dismiss with respect to Plaintiffs' claim under the UIPA and Plaintiffs' independent punitive damages claim.  The court will deny Defendant's partial motion to dismiss with respect to Plaintiffs' bad faith and CPL claims.  An appropriate order will issue.

          s/Sylvia H. Rambo
          SYLVIA H. RAMBO
          United States District Judge

Dated:  April 25, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRED L. SHORB and LINDA J. SHORB,** : **Plaintiffs** : v. : **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** : **Defendant** : | **CIVIL NO. 1:CV-05-0296** |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant's partial motion to dismiss Plaintiffs' complaint is **GRANTED** in part and **DENIED** in part as follows:

1) Defendant's motion to dismiss is **GRANTED** with respect to Plaintiffs' claim under the Unfair Insurance Claims Practices Act and Plaintiffs' independent cause of action for punitive damages.

2) Defendant's motion to dismiss is **DENIED** with respect to Plaintiffs' claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law and Plaintiff's claim of bad faith.

3) Plaintiffs' claim for punitive damages under their claim of bad faith remain.

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated: April 25, 2005.